UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>INN AT SCHOOLHOUSE CREEK IN LITTLE RIVER, et al.,<br><br>        Defendants. | Case No. 3:23-cv-04420-JSC<br><br>**ORDER RE: DEFENDANT LR SCHOOLHOUSE'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

Bryon Chapman filed this disability access action regarding architectural barriers he encountered at The Inn at Schoolhouse Creek. Plaintiff names The Inn at Schoolhouse Creek in Little River, LR Schoolhouse LLC, and Kila Schoolhouse LLC as Defendants. (Dkt. No. 1.[1]) Defendant LR Schoolhouse moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 10.) No other Defendants have appeared. Having considered the parties' briefs and having had the benefit of oral argument on December 7, 2023, the Court DENIES LR Schoolhouse's motion to dismiss.

**DISCUSSION**

Plaintiff alleges he encountered several architectural barriers during his August 25-27, 2021 stay at The Inn at Schoolhouse Creek. (Dkt. No. 1. At ¶ 27.) He brings claims under the Americans with Disabilities act, 42 U.S.C. § 12101, et seq., and California Civil Code §§ 51, 54, 54.1, and 54.3. (*Id*. at ¶¶ 53-84.) Although Plaintiff names three Defendants, only LR

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

Schoolhouse has been served. (Dkt. No. 8.)

LR Schoolhouse responded with the now pending motion to dismiss. (Dkt. No. 10.) LR Schoolhouse contends it "did not own the hotel until April 8, 2022, months after Plaintiff's stay at the Hotel" and requests judicial notice of a deed transferring ownership from Kila Schoolhouse LLC to LR Schoolhouse in April 2022. (Dkt. No. 10-2.) LR Schoolhouse contends that because it did not own the Inn at the time of Plaintiff's visit, Plaintiff lacks Article III standing to sue LR Schoolhouse under the ADA. It also raises 12(b)(6) arguments.

### A.     ADA Standing

Under Article III of the United States Constitution, the "'irreducible constitutional minimum of standing' requires a plaintiff to have suffered an injury in fact, caused by the defendant's conduct, that can be redressed by a favorable result." *Langer v. Kiser*, 57 F.4th 1085, 1092 (9th Cir. 2023) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiff sufficiently alleges constitutional standing for his ADA claim.

Since Title III of the ADA limits private plaintiffs to injunctive relief, "a plaintiff suing a place of public accommodation must show a sufficient likelihood of injury in the future to establish standing." *Langer*, 57 F.4th at 1092. The Ninth Circuit recently summarized a private plaintiff's burden to allege injury in fact in an ADA Title III action:

> [A] plaintiff bringing a claim under Title III of the ADA must have actual knowledge of an access barrier or ADA violation. But the plaintiff need not personally encounter the barrier or physically visit the place of public accommodation. . . . [And] a plaintiff must establish a sufficient future injury by alleging that they are either currently deterred from visiting the place of public accommodation because of a barrier, or that they were previously deterred and that they intend to return to the place of public accommodation, where they are likely to reencounter the barrier.

*Id.* at 1094. Plaintiff sufficiently alleges injury in fact for ADA injunctive relief. First, he alleges he encountered barriers at the Inn in August 2021. (Dkt. No. 1 at ¶¶ 27-29.) Second, he alleges he is currently deterred from returning to the Inn because of the barriers he previously encountered. (*Id*. at ¶ 28.)

Plaintiff also sufficiently alleges LR Schoolhouse caused Plaintiff's injury notwithstanding its alleged purchase of the Inn after Plaintiff personally encountered the barriers. While Plaintiff

2

did not visit the Inn until after LR Schoolhouse acquired ownership, he alleges he was deterred from visiting again because of the barriers he encountered in 2021. "[A] person with a disability need not engage in the 'futile gesture' of trying to access a noncompliant place just to create an injury for standing. Rather, to establish a cognizable injury, all a plaintiff needs to do is be 'currently deterred' from visiting the place of public accommodation because of the accessibility barriers.'" *Id.* at 1092 (quoting *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002)).

The record supports a finding LR Schoolhouse is a cause of the deterrence injury. "[O]ngoing uncertainty about whether the barriers remain is itself an actual, concrete and particularized injury under the deterrence framework articulated in *Pickern*." *Langer*, 57 F.4th at 1092 (cleaned up). There is nothing in the record suggesting Plaintiff knew the barriers had been corrected at the time he filed suit. Indeed, despite submitting evidence, including a declaration, in support of its motion, LR Schoolhouse does not contend it corrected any, let alone all, of the barriers the complaint identifies. So, the record supports Plaintiff's allegation he is currently deterred from visiting the Inn. It also supports a finding LR Schoolhouse caused this deterrence injury by failing to correct the barriers Plaintiff encountered, or at least contributing to the uncertainty as to whether they still exist.

If after discovery it is determined there are no ADA violations, or any past violations have been corrected, then Plaintiff may not prevail. But at this stage, and on this record, he has Article III standing to pursue his ADA access claim against LR Schoolhouse.

### B. Failure to State a Claim

#### 1. Plaintiff's Allegations Regarding Readily Achievable Barrier Removal are Adequate

To state a Title III discrimination claim, a plaintiff must allege: "(1) he is disabled within the meaning of the ADA; (2) [defendant] is a private entity that owns, leases, or operates a place of public accommodation; and (3) [defendant] discriminated against him by denying him public accommodations because of his disability." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1033 (9th Cir. 2020). As to the third element, "[d]iscrimination under Title III of the ADA

3

specifically includes 'a failure to remove architectural barriers ... in existing facilities ... where such removal is *readily achievable*.'" *Id*. at 1034 (quoting 42 U.S.C. § 12182(b)(2)(A)(iv) (emphases in original)).

In its initial motion, LR Schoolhouse contended Plaintiff's ADA claim was inadequately pled because he did not identify which version of ADAAG applies to the Inn, relying on *Shayler v. MMWH Grp. LLC*, No. 20-10051 MWF PVCx, 2021 WL 4557479, at *1 (C.D. Cal. July 2, 2021). *Shayler*, however, cites no authority for the proposition that a Plaintiff must allege in the complaint the date of any alterations and state which version of the ADAAG rules it contends applies. On reply, LR Schoolhouse refines its argument contending Plaintiff cannot state a claim under the ADA because he has not adequately alleged "what elements of the hotel were not in compliance with the 1991 ADAAG as of January 26, 1992 and what of those elements were "readily achievable" to remediate. (Dkt. No. 29 at 6-7.) LR Schoolhouse insists Plaintiff must identify each readily achievable barrier. Not so.

*Lopez v. Catalina Channel Express, Inc*., does not support LR Schoolhouse's argument. *Lopez* was decided at summary judgment—not the pleading stage. *See Lopez*, 974 F.3d at 1040 ("[W]e adopt a burden-shifting framework whereby plaintiffs have the initial burden at summary judgment of plausibly showing that the cost of removing an architectural barrier does not exceed the benefits under the particular circumstances."). Here, Plaintiff alleges the architectural barriers in detail (Dkt. No. 1 at ¶ 29) and alleges it is "'readily achievable' for defendant to remove some and/or all of the architectural barriers." (*Id*. at ¶ 32.) This is all that is required at the pleading stage. *See Whitaker v. Sheikh*, No. 21-CV-0493 KJM KJN, 2022 WL 1262023, at *6 (E.D. Cal. Apr. 28, 2022), report and recommendation adopted, 2022 WL 4366702 (E.D. Cal. Sept. 21, 2022) ("Plaintiffs are not required to come to court armed with a full proposal for the cost efficiency of barrier removal.").

### 2. Unruh Act Claim

Next, LR Schoolhouse contends Plaintiff's Unruh Act claim fails because he "can only bring a claim for barriers he actually experienced" and while Plaintiff alleges he encountered barriers, it was not the owner of the hotel at the time he experienced the barriers. (Dkt. No. 10-1 at

4

9.) LR Schoolhouse's argument relies on the deed of trust proffered with its motion to dismiss. (Dkt. No. 10-2.) Generally, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). When such materials "'are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56." Id. (quoting Fed. R. Civ. P. 12(d)). There are, however, "two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id*.

Pursuant to the Federal Rules of Evidence, courts may judicially notice an adjudicative fact if it is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  While the Court could take judicial notice of the deed granting real property at 7051 North Highway 1, Little River, California 94546 from Kila Schoolhouse LLC to LR Schoolhouse, LLC, this would not be dispositive. (Dkt. No. 10-2).  As Plaintiff observes, it does not necessarily follow from the deed alone that Kila Schoolhouse sold the business to LR Schoolhouse.  (Dkt. No. 25 at 11.)  And the Court cannot consider LR Schoolhouse's reply declaration on a motion to dismiss.

In any event, LR Schoolhouse's argument ignores Plaintiff's allegations that he was deterred from booking a reservation in October 2022 for a stay between November 2022 and February 2023—dates which LR Schoolhouse admits it owned the Inn.  (Dkt. No. 1 at ¶ 71.)  As with his ADA claim, the barriers Plaintiff experienced during his 2021 stay at the Inn support a reasonable inference the barriers continued to exist in 2022 when he contemplated booking a reservation and the continued existence of the barriers deterred him from doing so. *See White v. Square, Inc.*, 7 Cal.5th 1019, 1032 (2019) (holding at the pleadings stage it was sufficient for a plaintiff to allege an intent to use a business's services, but clarified that, at the summary judgment or trial stage, a plaintiff must establish that he or she "actually possess[ed] a bona fide intent to ... use its services."); *see also Arroyo v. Golbahar*, No. 22-55182, 2023 WL 2064588, at *2 (9th Cir. Feb. 17, 2023) (discussing standing under the Unruh Act); Cal. Civ. Code § 55.56(b) ("A plaintiff is denied full and equal access only if the plaintiff personally encountered the violation on a

5

1  particular occasion, or the plaintiff was deterred from accessing a place of public accommodation
2  on a particular occasion.") LR Schoolhouse's insistence to the contrary improperly draws
3  inferences in its favor.

### 3. Supplemental Jurisdiction over State Law Claims

Where a federal court has original jurisdiction over a claim, the court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Federal courts may decline to exercise supplemental jurisdiction over a claim "in exceptional circumstances," when "there are compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). A district court's discretion to decline to exercise supplemental jurisdiction over state law "is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

*In Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021), the Ninth Circuit addressed a district court's ability, under 28 U.S.C. § 1367(c)(4), to deny the exercise of supplemental jurisdiction over Unruh Act claims brought by "high-frequency litigants." The panel found California's heightened pleading standards for Unruh Act claims brought by such plaintiffs—enacted to "balance [the State's] objectives of allowing monetary relief, avoiding undue burdens on businesses, and realigning undesirable incentives for plaintiffs," *Arroyo*, 19 F.4th at 1213—created an "exceptional circumstance" for the purpose of supplemental jurisdiction. District courts follow a two-step inquiry to determine whether to exercise supplemental jurisdiction over state law claims in disability access cases such as this. First, "the district court must: (1) sufficiently explain 'why the circumstances of the case are exceptional' under § 1367(c)(4); and (2) show that 'the balance of the *Gibbs* values provides compelling reasons for declining jurisdiction in such circumstances.'" *Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022) (quoting *Arroyo*, 19 F.4th at 1210-11).

LR Schoolhouse insists the Court should follow *Arroyo* and decline to exercise supplemental jurisdiction over the state law claims because they predominate and "comity and

6

fairness require [Plaintiff] not evade the procedural requirements of Civil Code § 425.50. (Dkt. No. 29 at 11.)  The Court declines to do so.  LR Schoolhouse has not shown the existence of exceptional circumstances that warrant dismissing the state claims.  Because LR Schoolhouse does not contend Plaintiff is a high-frequency litigant, it has not shown how exercising supplemental jurisdiction over the state law claims would allow Plaintiff to evade special state procedural rules which apply "construction-related" accessibility claims brought by high frequency litigants.  *See* Cal. Code Civ. Pro. § 425.50; *see also Arroyo*, 19 F.4th at 1210–14.

Accordingly, the Court will not exercise its discretion to decline supplemental jurisdiction over the state law claims here.

## CONCLUSION

For the reasons stated above, LR Schoolhouse's motion to dismiss is DENIED.

Under General Order 56(1), Plaintiff had until October 10, 2023 to serve Defendants or file a motion for administrative relief.  *See also* Fed. R. Civ. P. 4(m). Plaintiff contends it has been unable to serve Defendant Kila Schoolhouse LLC and he intends to seek leave to serve it via alternative means.  (Dkt. No. 25 at 8.)   Plaintiff shall file the motion by December 14, 2023.   The Court will hold a case management conference on February 1, 2024 at 1:30 p.m. via Zoom video to discuss service on Kila Schoolhouse and whether the General Order 56 process should commence.  The parties shall file a case management conference statement addressing these issues by January 25, 2024.

This Order disposes of Docket No. 10.

**IT IS SO ORDERED.**

Dated:  December 8, 2023

JACQUELINE SCOTT CORLEY
United States District Judge